UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ROTHSCHILD LOCATION TECHNOLOGIES LLC, | § § § | CASE NO. 6:15-cv-682-RWS-JDL |
| *Plaintiff*, | § § | |
| | § | CONSOLIDATED LEAD CASE |
| v. | § § | |
| GEOTAB USA, INC., *et al.*, | § § | JURY TRIAL DEMANDED |
| *Defendants*. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("R&R"), which contains his recommendation for the disposition of such action, has been presented for consideration (Doc. No. 93). The Magistrate Judge recommended granting the motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. Nos. 32 and 64), reasoning the asserted patent, U.S. Patent No. 8,606,503 ("the '503 Patent") is directed toward ineligible subject matter under 35 U.S.C. § 101. Plaintiff Rothschild Location Technologies LLC ("Plaintiff") filed objections to the R&R (Doc. No. 101) ("Obj.") to which Defendants Geotab USA, Inc., GoFleet Corporation, Iler Group, Inc., Life360 Inc., Limo Anywhere LLC, Marathon Data Operating Co., Vantage Point Mapping, Inc., and Skypatrol, LLC (collectively, "Defendants") filed a response (Doc. No. 112) ("Resp. to Obj.").

Plaintiff presents three main objections to the R&R, arguing the Magistrate Judge erred in: (1) failing to treat Defendants' motion as a motion for summary judgment; (2) finding that the

invention is directed to an abstract idea; and (3) finding there is no inventive concept. The Court will take up each of Plaintiff's objections in turn.

### (A). Patent-Eligibility at the Pleading Stage

Plaintiff argues the Magistrate Judge erred in failing to convert Defendants' 12(b)(6) motion into a motion for summary judgment. Specifically, Plaintiff objects to the fact that the Magistrate Judge declined to consider the declarations of Dr. Fang Qiu, which Plaintiff submitted along with its responsive briefing. Obj. at 8–9. Plaintiff maintains the Magistrate Judge "assumed facts outside the pleadings" about the capabilities of the claimed devices that are "in stark contrast" to Dr. Qiu's declarations, for example by "reaching the conclusion that the claimed invention amounts to 'two computers communicating over a network.'" *Id.* (citing R&R at 13). In so arguing, Plaintiff appears to take issue with the following portion of the Report & Recommendation:

> Rothschild argues the 'claimed combination' of one GPS device communicating with a second GPS device through a server is an unconventional combination. Resp. at 13; Sur-Reply at 5. However, as the Federal Circuit persistently holds, two computers communicating over a network is not inventive.

R&R at 13. The Magistrate Judge's finding here is not only fully supported by the plain language of the '503 Patent's claims, but also wholly consistent with Plaintiff's own description of the claimed invention consisting of "a First GPS device . . . [and] a Second GPS device . . . communicating over a server . . . to transmit an address." Obj. at 15; Plaintiff's Resp. to MTD (Doc. No. 32 Ex. B) at 13. The Court therefore finds no error in the Magistrate Judge's finding.

In an opinion issued after the Magistrate Judge's R&R, the Federal Circuit rejected a patentee's argument that the district court improperly resolved factual disputes in granting defendants' § 101 motion where the district court only considered the asserted patents

2

themselves. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016). This was true despite the fact that the patentee submitted an expert declaration, because the court did not rely on the expert declaration in its analysis. *Id.* The Federal Circuit noted that "[t]he mere existence in the record of dueling expert testimony does not necessarily raise a genuine issue of material fact." *Id.* Similarly, this Court is not persuaded by Rothschild's argument that the Magistrate Judge made improper "factual assumptions," where a review of the R&R demonstrates that the Magistrate Judge only considered '503 Patent in assessing patent-eligibility, and expressly declined to consider the Qiu declarations.

Accordingly, the Magistrate Judge properly disregarded the Qiu declarations in recommending that the Court grant Defendants' 12(b)(6) motion. A court ordinarily does not look beyond the pleadings in ruling on a 12(b)(6) motion. In particular, when patent claims on their face are plainly directed to an abstract idea, a court may properly assess patent-eligibility under § 101 at the pleading stage. *See, e.g.*, *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank*, 776 F.3d 1343, 1347 (Fed. Cir. 2015); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715–16 (Fed. Cir. 2014). In his declarations, Dr. Qiu either provides information not material to the patent-eligibility of the particular invention, or fails to provide any basis for his conclusory assertions. Therefore, the Magistrate Judge did not err in declining to look beyond the pleadings in this case.

**(B).** **Abstract Idea**

Plaintiff argues the Magistrate Judge erred in finding that the '503 Patent is directed toward an abstract idea. Specifically, Plaintiff contends "as a threshold matter, the Magistrate erred in failing to find that the '503 Patent is tied to a particular machine and, therefore, the invention is non-abstract under the older 'machine or transformation test.'" Obj. at 9–10.

3

However, the Magistrate Judge correctly noted that "[t]he Federal Circuit has cautioned that 'satisfying the machine-or-transformation test, by itself, is not sufficient to render a claim patent-eligible.'" R&R at 14 (citing *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1256 (Fed. Cir. 2015)). The Court agrees with the Magistrate Judge that "'[a]n abstract idea does not become nonabstract by limiting the invention to a particular field of use or technological environment.'" R&R at 11 (quoting *Intellectual Ventures I LLC v. Capital One Bank*, 792 F.3d 1363, 1367 (Fed. Cir. 2015)).

To support its objection, Plaintiff cites *Klaustech, Inc. v. Admob, Inc.*, which it represents held the "machine or transformation test [is] still useful in deciding § 101 [m]otions." Obj. at 10 (citing *Klaustech, Inc. v. Admob, Inc.*, No. 10-05899 JSW, at *3 (N.D. Cal. Aug, 31, 2015)). Plaintiff appears to be relying on the court's recitation in the "Principles of Patent Eligibility and Abstractness" section that: "[a]lthough not dispositive of the issue, many courts use the 'machine-or-transformation' test as 'a useful and important clue' to assess whether some claim is patent-eligible.'" *Id.* (citing *Bilski v. Kappos*, 561 U.S. 593, 130 S. Ct. 3218, 3226 (2010)). The court later re-emphasized that "the process is not patent-eligible merely because it is associated with a computer and so tied to a particular machine or apparatus." *Id.* at *6.

Plaintiff also cites *Presqriber, LLC v. Advanced Data Sys. Corp.*, without elaboration. Obj. at 10. The only mention of the machine-or-transformation test in that case is in summarizing a party's argument: "***Defendants contend*** that such steps constitute only a bare manipulation or reorganization of data that fail to satisfy the Federal Circuit's 'machine-or-transformation' test." *Presqriber, LLC v. Advanced Data Sys. Corp.*, 6:14-cv-859-KNM, at *6 (June 29, 2015) (emphasis added).

4

Finally, Plaintiff contends the Magistrate Judge erred in finding the invention directed toward an abstract idea because, as Plaintiff argues, "the purpose of the invention is to retrieve an address that is electronically stored in a second GPS device, often in an incompatible format, and to have the address entered into the user's GPS device without having to manually enter it, regardless of formatting incompatibilities between the devices." Obj. at 10. The Magistrate Judge found that the '503 Patent is directed toward the abstract idea of address retrieval. The Magistrate Judge specifically addressed the purposes that the '503 Patent sought to solve, as articulated in the specification. R&R at 11. The Court agrees with the Magistrate Judge's finding that each of these purposes "simply relate[s] to ease, accuracy, and efficiency benefits achieved when any fundamental or well-known concept is implemented on a computer device." *Id.* Accordingly, the Magistrate Judge did not err in concluding the '503 Patent is directed toward an abstract idea.

**(C). Inventive Concept**

Finally, Plaintiff argues the Magistrate Judge erred in finding the '503 Patent did not contain an inventive concept that transformed the nature of the claims into patent-eligible subject matter. Specifically, Plaintiff contends the patented system is "an unconventional combination of elements" because "at the time of the invention, there was no comparable system for remotely entering an address into a GPS device." Obj. at 15. Plaintiff essentially re-asserts its argument in its original briefing that the '503 Patent is inventive because it requires specialized hardware and software, and is limited to a specific type of data.

The Court agrees with the Magistrate Judge's finding that a GPS device performing generic computer tasks does not transform the claims into patent-eligible subject matter. "[W]ell-understood, routine, conventional activit[y]" is insufficient to transform an abstract idea

into patent-eligible subject matter. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2359 (2014). The '503 Patent itself suggests that GPS devices were conventional at the time the patent was filed. *See* '503 Patent 1:22 (GPS devices "are everywhere"). Additionally, the claims direct GPS devices to perform generic computer tasks: "receiving" a request, "determining" an identifier, "retrieving" an address, and "transmitting" the address. The "transmitting" task may be performed using "any . . . type of communication protocol[] or system[] currently existing or to be developed for wirelessly transmitting data." *Id.* 6:46–7:12. The Court therefore agrees with the Magistrate Judge that the claimed invention does not contain an inventive concept that transforms the claims into patent-eligible subject matter.

The remaining arguments presented were either new arguments not presented in the original briefing, which the Court will not now consider, or those already properly considered by the Magistrate Judge. With the supplements contained herein, the Court adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court. All objections are **OVERRULED** and the finding that the '503 Patent is directed toward non-eligible subject matter under § 101 is affirmed.

**SIGNED this 16th day of May, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE